# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TASIA S. MOORE,

    Plaintiff,

v.                                  Case No. 22-CV-1379

ROCK COUNTY CHILD PROTECTIVE
SERVICES, et al.,

    Defendants.

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SCREENING OF COMPLAINT

On November 21, 2022, Tasia S. Moore filed a *pro se* complaint against the Rock County Child Protective Services ("CPS") and the Rock County Police Department under 42 U.S.C. § 1983. (Docket # 1.) Moore also moves for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Because I find that Moore is indigent, her motion will be granted. However, because she sues non-suable entities under § 1983, Moore will be given leave to amend her complaint.

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

According to Moore's motion, she is unemployed, receives $198.00 per month in Food Share benefits, and has $1,290.00 per month in expenses. (Docket # 2 at 1–4.) Moore has no other assets. (*Id.*) I therefore conclude that she is unable to pay the filing fee and turn to the question of whether her complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that she was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived her of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Moore is representing herself, I construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Moore alleges that in September 2015, the Rock County Police Department used an informant to set her up with a drug deal. (Docket # 1 at 2.) Moore alleges that the Rock County Police Department told her that if she became an informant, they would let her go

and not call CPS. (*Id.*) However, six months later, a warrant was issued for her arrest and her children were removed from the home in June 2016. (*Id.* at 2–3.) Moore alleges that CPS violated her and her children's rights by allowing her children to stay with abusive foster parents. (*Id.* at 3.) Moore alleges that CPS is prejudiced against her due to her race and religion. She states that she has met the requisite conditions to secure her children's return but CPS refuses to return her children. (*Id.*) She alleges that CPS failed to provide her with the proper resources to reunify her with her children. (*Id.*) Moore seeks her children's return and money damages. (*Id.* at 4.)

As an initial matter, Moore sues the "Rock County Police Department." No such entity exists. The County of Rock has a Sheriff's Department, whereas individual cities, towns, and villages within the county have police departments. However, whether Moore intends to sue the county's sheriff's department or a specific town's police department, neither are proper parties under § 1983. The capacity of an entity "to sue or be sued" is determined by state law. Fed. R. Civ. P. 17(b). While a city may be sued pursuant to Wis. Stat. § 62.25, individual agencies and departments may not, including police departments and sheriff's departments. *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (citing *Buchanan v. Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999)). Thus, because the Rock County Sheriff's Department is an agency of the county, and an individual police department is an agency of the city, etc., neither are proper defendants in this case.

The same is true for the Rock County Child Protective Services. Again, while Wisconsin municipalities may be sued, *see* Wis. Stat. § 62.25, agencies and departments may not. *See McCallum v. Ct. of Appeals*, No. 19-CV-415-WMC, 2019 WL 4333315, at *2 (W.D.

Wis. Sept. 12, 2019) (finding that the Rock County Sheriff's department and the Rock County Child Protective Services are not "persons" that may be used under § 1983).

In her request for relief, Moore asks for "the detective and worker on my case to be punished." (Docket # 1 at 4.) The Supreme Court has held that the Fourteenth Amendment's Due Process Clause shields certain aspects of the parent–child relationship from state interference. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 821 (7th Cir. 2022). This component of substantive due process—sometimes called the right to "familial integrity or "familial relations"—includes a parent's interest in the "care, custody, and management" of her children. *Id.* Section 1983 "'creates a cause of action based on personal liability and predicated upon fault.'" *Id.* at 824 (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Thus, a "government official is liable only if he personally caused or participated in a constitutional deprivation." *Id.*

As such, while Moore's complaint may potentially state a claim under § 1983, she must bring her causes of action against the correct defendants. If, at this juncture, Moore lacks knowledge of the individuals who allegedly harmed her, she can name the defendants "John Doe" in her amended complaint.

As such, Moore will be given leave to amend her complaint and remove the Rock County Police Department and CPS as defendants in this case. Moore has **fourteen (14) days** to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Moore is advised that the amended complaint replaces the prior complaint and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, matters not set forth in the amended

4

Case 2:22-cv-01379-NJ   Filed 12/05/22   Page 4 of 5   Document 4

complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998).

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Moore's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Moore has **fourteen (14) days** to file an amended complaint consistent with this decision. Should Moore fail to timely file an amended complaint, I will recommend this action be dismissed without prejudice.

Dated at Milwaukee, Wisconsin this 5th day of December, 2022.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge