# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TASIA S. MOORE,

    Plaintiff,

 v.                                                                          Case No. 22-CV-1379

JUSTIN STUBENDICK, et al.,

    Defendants.

## DECISION AND ORDER SCREENING AMENDED COMPLAINT

On November 21, 2022, Tasia S. Moore filed a *pro se* complaint against the Rock County Child Protective Services ("CPS") and the Rock County Police Department under 42 U.S.C. § 1983. (Docket # 1.) Moore also moved for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) While I found that Moore was unable to pay the filing fee, her complaint sued the Rock County CPS and Rock County Police Department, non-suable entities under § 1983. (Docket # 4.) Moore was given leave to file an amended complaint. (*Id.*) Moore has now filed an amended complaint (Docket # 6), which is ready for screening.

## LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. §

1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ANALYSIS

Again, I have already determined that Moore is unable to pay the costs of commencing this action; thus, the issue before me is whether Moore's amended complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In her amended complaint, Moore alleges that in September 2015, the Janesville Police Department ("JPD") used an informant to set her up with a drug deal. (Docket # 6 at 2.) Moore alleges that in December 2015, she met with Justin Stubendick of the JPD and he told her that if she became an informant, he could not file charges and would not call CPS to have her children removed. (*Id.*) Moore alleges that after telling Stubendick multiple times that she was scared to do that and did not have anyone to set up for him, she agreed to become an

informant. (*Id.*) Moore alleges that on June 9, 2016, however, the JPD and Stephanie Reentz of the Rock County CPS arrived at her home and removed her children, stating that she was being arrested for the September 2015 set-up. (*Id.* at 2–3.) Moore alleges that despite her family and her son's biological father being present at the scene, Reentz refused to allow the children to go with these family members. (*Id.* at 3.) Moore alleges that Reentz violated her right to find family care for her children before turning to foster care. (*Id.*) She alleges that her children have suffered abuse while in foster care. (*Id.*) Moore further alleges that her case worker, Cori McCann of the Rock County CPS, lied about her to sabotage her court hearings and that Rock County CPS employee Casey Wilson attempted to wrongfully terminate her parental rights. (*Id.*) Moore seeks compensation for the damages her family suffered. (*Id.* at 4.)

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Furthermore, the Supreme Court has held that the Fourteenth Amendment's Due Process Clause shields certain aspects of the parent–child relationship from state interference. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 821 (7th Cir. 2022). This component of substantive due process—sometimes called the right to "familial integrity or "familial relations"—includes a parent's interest in the "care, custody, and management" of her children. *Id.* Section 1983 "'creates a cause of action based on personal liability and predicated upon fault.'" *Id.* at 824 (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Thus, a "government official is liable only if he personally caused or participated in a constitutional deprivation." *Id.*

I find that Moore's amended complaint states a claim under § 1983 against Stubendick, Reentz, Wilson, and McCann. Thus, the defendants will be called upon to answer Moore's amended complaint.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint (Docket # 6) and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Moore is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Moore information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the amended complaint.

Dated at Milwaukee, Wisconsin this 12th day of January, 2023.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge