UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TASIA S. MOORE,

    Plaintiff,

 v.                                                           Case No. 22-CV-1379

JUSTIN STUBENDICK, et al.,

    Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

    Tasia S. Moore, who is representing herself, sues Officer Justin Stubendick of the Janesville Police Department, and Stephanie Reentz, Casey Wilson, and Cori McCann of the Rock County Child Protective Services ("CPS") (collectively the "CPS Defendants"), alleging they violated her rights under 42 U.S.C. § 1983. Defendant Stubendick moves to dismiss Moore's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Moore's alleged claims against Stubendick are time-barred. (Docket # 20; Docket # 21.) The CPS Defendants also move to dismiss Moore's complaint pursuant to Rule 12(b)(6) on the grounds that it is time-barred, but also move to dismiss for failure to state a claim and pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Docket # 22; Docket # 23.) The CPS Defendants further argue they are entitled to absolute and/or qualified immunity from suit. (*Id.*) For the reasons further explained below, the defendants' motions to dismiss are granted and Moore's amended complaint is dismissed.

### BACKGROUND

    Moore alleges that in September 2015, the Janesville Police Department used an informant to set her up with a drug deal. (Docket # 6 at 2.) Moore alleges that in December

2015, she met with Justin Stubendick of the Janesville Police Department and he told her that if she became an informant, he could not file charges and would not call CPS to have her children removed. (*Id.*) Moore alleges that after telling Stubendick multiple times that she was scared to do that and did not have anyone to set up for him, she agreed to become an informant. (*Id.*) Moore alleges that on June 9, 2016, however, the Janesville Police Department and Stephanie Reentz of the Rock County CPS arrived at her home and removed her children, stating that she was being arrested for the 2015 set-up. (*Id.* at 2–3.) Moore alleges that despite her family and her son's biological father being present at the scene, Reentz refused to allow the children to go with these family members. (*Id.* at 3.) Moore alleges that Reentz violated her right to find family care for her children before turning to foster care. (*Id.*) She alleges that her children have suffered abuse while in foster care. (*Id.*) Moore further alleges that her case worker, Cori McCann of the Rock County CPS, lied about her to sabotage her court hearings and that Rock County CPS employee Casey Wilson attempted to terminate her parental rights. (*Id.*) Moore seeks compensation for the damages her family suffered. (*Id.* at 4.)

## LEGAL STANDARDS

1. *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge contends that "there is *in fact* no subject matter jurisdiction," even if the pleadings are formally sufficient. *Id.* (internal quotation and citation omitted). In reviewing a

2

factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *Id.* In contrast, a facial challenge argues that the plaintiff has not sufficiently "*alleged* a basis of subject matter jurisdiction." *Id.* (internal quotation and citation omitted). In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

2. *Rule 12(b)(6)*

A motion to dismiss under Rule 12(b)(6) tests whether the complaint properly states a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*,

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the non-moving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

Under Federal Rule of Civil Procedure 12(d), the Court must convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the Court." Fed. R. Civ. P. 12(d). If "a court chooses to consider materials outside the pleadings," then it "must treat the motion as one for summary judgment" unless the materials considered are either subject to judicial notice or essential to the plaintiff's claims. *Mauger v. Metro. Life Ins. Co.*, No. 3:21-CV-190 JD, 2021 WL 2826792, at *2 (N.D. Ind. July 7, 2021). *See also Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 770 (N.D. Ill. 2011) (finding that in addition to the allegations in the complaint, courts are free to examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" in evaluating a motion to dismiss under Rule 12(b)(6)).

## ANALYSIS

1. *Statute of Limitations*

Moore sues the defendants under 42 U.S.C. § 1983. To proceed under § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

4

All Defendants move to dismiss Moore's amended complaint on the grounds that her claims are time-barred by the applicable statute of limitations. The court can consider a statute of limitations defense when deciding a motion to dismiss under Fed. R. Civ. P. 12. *Jacobs v. Schermitzler*, No. 22-C-386, 2022 WL 17361709, at *2 (E.D. Wis. Dec. 1, 2022). Federal law, however, does not provide a limitations period for § 1983 claims, so courts look to the forum state's law for the applicable time limit. *Woods v. Illinois Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 765 (7th Cir. 2013). Because § 1983 claims "are best characterized as personal injury claims," courts "apply the state limitations period governing personal injury claims to all § 1983 claims." *Jacobs*, 2022 WL 17361709, at *3 (internal quotation and citation omitted).

In Wisconsin, Wis. Stat. § 893.53 provides the controlling statute of limitations for § 1983 actions. *Id.* Prior to April 4, 2018, Wis. Stat. § 893.53 provided a six-year statute of limitations. *Id.* However, the Wisconsin Legislature later chose to amend the statute of limitations to three years. *Id.* The amendment, though, is not retroactive; thus, whether the six- or three-year statute of limitations applies depends on when the events in question occurred. *See Jensen v. Jody*, No. 22-CV-14-WMC, 2023 WL 2163080, at *2 (W.D. Wis. Feb. 22, 2023) ("Although the Wisconsin Legislature changed this statute of limitations in 2018 from 6 to 3 years, plaintiff's § 1983 claim is still subject to the residual 6-year limit in effect in 2017 when the events in question occurred."); *see also Gutter v. Seamandel*, 103 Wis. 2d 1, 18, 308 N.W.2d 403, 411 (1981) ("[I]n the absence of express language in a statute which imposes a new statute of limitations stating that the statute has retroactive effect and in the absence of any legislative intent that a new statute of limitations be applied retroactively to a cause of action that accrued prior to the effective date of the statute, this court would not apply the

5

Case 2:22-cv-01379-NJ   Filed 06/05/23   Page 5 of 11   Document 43

new statute of limitations to causes of action accruing prior to the effective date of the statute.").

For purposes of determining when one's statute of limitations begins to run under § 1983, the Seventh Circuit has stated that § 1983 claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (internal quotations and citations omitted). The court "set forth a two-part inquiry for determining the accrual of claims"—first, "a court must identify the injury" and second, "it must determine the date on which the plaintiff could have sued for that injury." *Id.* "That is the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Id.*

### 1.1 Defendant Stubendick

Again, in determining whether Moore's claims against Stubendick are time-barred, I must first identify the alleged constitutional injury. Moore alleges that in December 2015, she met with Stubendick at the Janesville Police Department and at this time, Stubendick falsely stated that if she acted as an informant that no charges would be filed against her and that CPS would not remove her children from her home. (Docket # 6 at 2.) Moore alleges, however, that on June 9, 2016, she was arrested due to Stubendick's "set up" and her children were removed from her home by CPS. (*Id.*) Although Moore does not explicitly state which constitutional right she alleges Stubendick violated, as I previously stated, it appears Moore alleges a violation of her Fourteenth Amendment substantive due process right to "familial integrity" or "familial relations"—which includes a parent's interest in the "care, custody, and management" of her children. *See Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 821 (7th Cir. 2022).

Having identified the injury, I must next determine the date that Moore either knew or should have known that her constitutional rights had been violated. Stubendick argues that Moore either knew or should have known of the constitutional violation on June 9, 2016, the date she was arrested and her children were removed from her home by CPS. (Docket # 21 at 4.) Moore argues, however, that she was unaware that her rights were violated until 2022, when she began filing grievances against the Rock County CPS. (Docket # 28 at 5.) She argues that it was not Stubendick's set-up forming the basis of her constitutional violation, but the actions he "took after the setup buy" that violated her rights. (Docket # 37 at 1.)[1] Moore argues that she did not come to the conclusion that her rights were violated until 2022 after reviewing police reports from the relevant time period in preparation for her September 2022 trial. (*Id.* at 2.)

It is unclear what actions Stubendick allegedly took after the alleged set-up buy that violated her constitutional rights. Rather, it appears that Moore challenges the fact that the charges stemming from Stubendick's alleged set-up continued to negatively impact her child custody proceedings. But Stubendick's alleged violative action occurred in 2015, and, if as Moore alleges, it was a set-up, then she reasonably should have known of Stubendick's alleged deception no later than June 9, 2016, the day she was arrested and her children were removed by CPS, contrary to Stubendick's alleged promise. Moore did not file her initial complaint until November 21, 2022, over five months too late (under Wisconsin's six-year statute of limitations). For these reasons, I find Moore's § 1983 claim against Stubendick time barred.

---

[1] I note that Moore files what appears to be two sur-reply briefs in response to the defendants' motions to dismiss. (Docket # 37 and Docket # 38.) This District's Local Rules do not permit for the filing of sur-reply briefs and Moore failed to request leave to do so. Although it would be permissible and proper to disregard these subsequent filings, as the defendants have not moved to strike and given Moore's *pro se* status, the filings were considered.

### 1.2 CPS Defendants

Moore alleges that Defendant Reentz was the CPS employee who removed her children from her home on June 9, 2016 when she was arrested. (Docket # 6 at 2–3.) Moore alleges that Reentz "refused to let my kids go with my family and refused to let my son go with his biological Dad who was present"; thus, Reentz "violated my right to see what family could care for my children before using foster care as an option." (*Id.* at 3.) Moore alleges that Defendant McCann was a CPS caseworker who "sabotaged my court hearings by lying on me" and Defendant Wilson of CPS "wanted to terminate my parental rights but I win my TPR trial in September 2022." (*Id.*) As to Reentz, for the same reasons Moore's claims against Stubendick are time-barred, so are her claims against Reentz. In her sur-reply, Moore reiterates that her claim against Reentz "is wrongful removal of my children" on June 9, 2016. (Docket # 39 at 1.) Like Stubendick, Moore's claim against Reentz accrued on June 9, 2016 and under Wisconsin's six-year statute of limitations applicable at the time, her November 21, 2022 complaint was over five months too late. Thus, Moore's claims against Reentz are dismissed as time barred.

As to Moore's claims against McCann and Wilson, it is entirely unclear whether these claims are time-barred as Moore does not allege when these Defendants' violative actions occurred. Thus, I cannot, at this juncture, dismiss those two defendants on statute of limitations grounds.

### 2. *Failure to State a Claim*

As to Defendants McCann and Wilson, the defendants alternatively argue that Moore's amended complaint fails to state a claim upon which relief may be granted. (Docket # 23 at 11–12.) As to McCann, Moore alleges that she sabotaged Moore's court hearings by

lying and as to Wilson, Moore alleges that she wanted to terminate Moore's parental rights, but Moore ultimately won her termination of parental rights trial in September 2022. (Docket # 6 at 3.)

As with Stubendick and Reentz, it is not entirely clear what constitutional right Moore alleges McCann and Wilson violated; however, it appears that she also alleges a violation of her Fourteenth Amendment substantive due process right to "familial integrity" or "familial relations." Once again, § 1983 "'creates a cause of action based on personal liability and predicated upon fault.'" *Milchtein*, 42 F.4th at 824 (quoting *Vance*, 97 F.3d at 991). Thus, a "government official is liable only if he personally caused or participated in a constitutional deprivation." *Id.*

Moore's only allegation against McCann is that she sabotaged Moore's court hearings by lying. Moore does not allege what court hearings McCann allegedly sabotaged or the basis of McCann's alleged lie. A complaint should include enough information to give a defendant fair notice of the claim against her and the ground upon which it rests. *Twombly*, 550 U.S. at 555. Given the bare-bone allegations pled against McCann, it is impossible for her to know as to what, exactly, Moore is referring.

Moore does, however, attempt to add detail in one of her sur-replies. She states that McCann testified in her court hearings, specifically in her trial to terminate her parental rights, that one of the reasons she considered Moore unfit was because she had not visited her son while he was in the hospital. (Docket # 38.) Moore alleges that this testimony was untrue because McCann knew that either she or another CPS employee would need to transport Moore due to her having only supervised visits with her children. (*Id.*)

9

Even assuming, however, that Moore was allowed to file a second amended complaint adding these allegations, her complaint still fails under § 1983. Moore does not allege that McCann's alleged false statements in any way impacted her termination of parental rights trial or any other hearing. In fact, Moore alleges that she won the TPR trial. (Docket # 6 at 3.) Thus, Moore's complaint against McCann fails to state a claim and any subsequent amendment would be futile.

As to Wilson, Moore's amended complaint is even less enlightening. Moore merely alleges that Wilson wanted to terminate her parental rights. (Docket # 6 at 3.) That statement, in and of itself, does not allege any wrongdoing on Wilson's part. As with McCann, Moore attempts to supplement her amended complaint through her sur-reply. In it, Moore alleges that her claim against Wilson is "unfair hearings" because Wilson provided the court with false information about her case. (Docket # 39 at 2.) Moore alleges that Wilson believed Moore was not ready to be a parent and that she "often sabotaged my case based off her personal opinions." (*Id.*) As with McCann, even if Moore was allowed to again amend her complaint to add these allegations against Wilson, the allegations are conclusory and nonspecific and thus her complaint fails to contain sufficient facts which, if accepted as true, would state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Thus, Moore's complaint as to Wilson fails to state a claim and any further amendment would be futile. For these reasons, Moore's claims against McCann and Wilson are dismissed for failure to state a claim upon which relief may be granted.

Given my dismissal of Moore's complaint under Rule 12(b)(6), I will not address the CPS Defendants' Rule 12(b)(1) and immunity arguments.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants' motions to dismiss (Docket # 20 and Docket # 22) are **GRANTED**. The case is dismissed. The clerk of court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of June, 2023.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

11

Case 2:22-cv-01379-NJ   Filed 06/05/23   Page 11 of 11   Document 43